UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BROOKE RACHEL PAGE AND <br> JORDAN MICHAEL PAGE <br><br> Plaintiff, <br><br> v. <br><br> FIFTH THIRD BANK, NA., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Cause No. 1:25-CV-405-HAB <br> ) <br> ) <br> ) <br> ) |

**OPINION AND ORDER**

Plaintiffs, Brooke and Jordan Page (individually, "Brooke" and "Jordan"), filed a verified ten-page complaint for temporary restraining order and preliminary injunction against Fifth Third Bank (ECF No. 1) along with motions to proceed in forma pauperis (ECF Nos. 3, 4) and a motion for temporary restraining order and preliminary injunction (ECF No. 2) Because the Court lacks jurisdiction to hear this dispute pursuant to the *Rooker-Feldman* doctrine, the request to proceed in forma pauperis is DENIED and the case is DISMISSED.

**I.     Plaintiffs' Allegations and the State Court Background Facts**

Plaintiffs' complaint is not a model of clarity, but the Court believes it has figured out the gist. In late 2023, Fifth Third Bank filed a mortgage foreclosure action against Tamara Green ("Green"), Brooke, and the Moorish Science Temple of America #27 Sol Temple, Jordan Page Bey, Trustee ("Moorish Temple") (collectively, the "state defendants") in Allen Superior Court seeking foreclosure of the real estate located at 1148 Division St., Fort Wayne, IN ("the Real Estate").[1] According to that complaint, on April 11, 2023, Green and Brooke executed a

---

[1] The Court takes judicial notice of the Allen Superior Court proceedings in *Fifth Third Bank, NA v. Green, et al.,* 02D03-2311-MF-000365 as well as the Indiana Court of Appeals cause, *Jordan Page Bey v. fifth Third Bank*, 24A-MF-01741.

promissory note ("Note") for $142,274.00 to Fifth Third Bank who, in turn, received a secured interest in the Real Estate by way of a mortgage ("Mortgage"). The Mortgage was recorded on April 13, 2023. Thereafter, the payments due according to the terms of the Note and Mortgage were not paid and Fifth Third exercised its option under the Note and Mortgage to accelerate the indebtedness, making the entire $142,274.00 principle due and owing. The Moorish Temple entered the mix because on May 29, 2023, Green and Page executed a quit claim deed transferring the property to the Moorish Temple. That deed was recorded on May 30, 2023.

The state defendants then sought to remove the action to federal court, *see Fifth Third Bank, NA v. Greene, et al,* 1:23-CV-531, ECF No. 1. Upon review, this Court remanded the case. (ECF No. 13). Following remand, on July 3, 2024, the Allen Superior Court granted summary judgment against the state defendants in the amount of $146,289.56, exclusive of prejudgment interest and attorney fees and ordered that the mortgage lien of Fifth Third be foreclosed and the Real Estate sold by the Allen County Sheriff. On July 29, 2024, the state defendants appealed and sought a stay of foreclosure pending appeal, which the court granted.

On January 24, 2025, the Indiana Court of Appeals, in cause no. 24A-MF-1741 issued its decision affirming the entry of summary judgment by the Allen Superior Court. The state defendants filed a petition for rehearing that was denied on March 12, 2025. They then sought transfer to the Indiana Supreme Court. The Indiana Supreme Court denied transfer on June 26, 2025. On July 1, 2025, Fifth Third filed its Praecipe for Sheriff's Sale in the Allen County Superior Court and a decree of foreclosure was filed on July 8, 2025.

All of that leads to the current case filed in this Court – all related to these underlying state court proceedings. Faced with the impending sale of the Real Estate, Plaintiffs ask this Court to enter a TRO prohibiting the sheriff sale. In their Complaint, plaintiffs allege that on May 1, 2023

2

– prior to initiation of the foreclosure proceeding -- they tendered the various amounts to Fifth Third via "Letters of Instruction" (ECF No. 1-1 at 15-16) and that Fifth Third Bank rejected those amounts. In fact, Fifth Third sent Plaintiffs a letter rejecting their letters of instruction and notified them that they could be subject to civil and criminal liability because they "are attempting to perpetrate what is known as a 'Debt Elimination Scheme'" (ECF No. 1-1 at 20). Undeterred, Plaintiffs persisted by sending more Letters of Instruction (ECF No. 1-1 at 21-22) followed by a Notice of Default claiming that Fifth Third's disregard of their Letters of Instructions was a fiduciary breach (ECF No. 1-1 at 28) and that they were terminating the Mortgage. (ECF No. 1-1 at 31). Plaintiffs also contend that they made reinstatement payments on two occasions – a payment of $142,274.00 on July 1, 2024, and a second payment of $42,159.36 on April 30, 2025. (Compl. ¶ 7; ECF No. 1-1 at 52-53, 56).

These latter facts lead to Plaintiffs' allegations that Fifth Third breached the terms of the Note by continuing with the foreclosure action despite full reinstatement being made. Likewise, they assert that Fifth Third violated the Real Estate Settlement Procedures Act, 12 U.S.C. §§2601, et seq., committed fraud under Indiana law and denied them due process under the Fourteenth Amendment. They seek "a judicial declaration that foreclosure is unlawful due to prior reinstatement and Defendant's failure to comply with servicing obligations," a TRO and a preliminary injunction, as well as damages. (Compl. p. 6).

## II.   Legal Discussion

Plaintiffs' filings in this Court and in the state proceedings are supported by a series of documents that have all the hallmarks of the Moorish sovereign citizen movement. Adherents of this movement have been described in the courts as "a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to

regulate their behavior." *United States v. Ulloa*, 511 Fed. App'x. 105, 107 n.1 (2d Cir. 2013). Many of the documents attached to Plaintiffs' complaint lack any cognizable legal purpose and are "replete with pseudo-legal jargon of the kind typically used by litigants who affiliate themselves with [the sovereign citizen] movement." *Bey v. New York*, No. 22-CV-3408 (HG), 2022 WL 16540684, at *1 (E.D.N.Y. Oct. 28, 2022). The documents also reflect the common addition by Moorish sovereign citizens of "El" or "Bey" to their names, a practice that derives from the Moorish Science Temple. *See Moorish Sovereign Citizens, Southern Poverty Law Center,* https://perma.cc/AH6Q-KTPG (""In Moorish legal filings, Moorish sovereign citizens refer to themselves with a series of Africanized names that incorporate the words 'bey' or 'el,' or a combination of the two.").[2]

From what the Court can tell, Plaintiffs claim that they paid reinstatement amounts due and thus they had paid the debt in full. They believe that the debt is either cancelled or paid in full and that Fifth Third Bank wrongfully sought to foreclose on the property. However, this Court is foreclosed from hearing this suit.

Only the Supreme Court of the United States may review the judgment of a state court in civil litigation. Claims that directly seek to set aside a state-court judgment are de facto appeals and trigger the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923);

---

[2] Courts in this circuit, have repeatedly rejected the theories of individual sovereignty, immunity from prosecution, and their ilk raised by sovereign citizen groups. See *United States v. Burke,* 425 F.3d 400, 408 (7th Cir.2005); *United States v. Hilgeford,* 7 F.3d 1340, 1342 (7th Cir.1993) (rejecting the "shop worn" argument that a defendant is a sovereign and is beyond the jurisdiction bounds of the district court); *United States v. Sloan,* 939 F.2d 499, 500–01 (7th Cir.1991); *United States v. Schneider,* 910 F.2d 1569, 1570 (7th Cir.1990) (describing defendant's proposed "sovereign citizen" defense as having "no conceivable validity in American law"); *United States v. Phillips,* 326 Fed.Appx. 400 (7th Cir.2009) (dismissing jurisdiction arguments as frivolous because federal courts have subject matter and personal jurisdiction over defendants brought before them on federal indictments alleging violations of federal law). *United States v. Benabe,* 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a "flesh-and-blood human being," that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented.").

*Sykes v. Cook Cty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 742 (7th Cir. 2016). Under the *Rooker-Feldman* doctrine, lower federal courts lack jurisdiction to review the decisions of state courts in civil cases. *See Gilbert v. Ill. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010) (first citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005); then citing *Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008)). The *Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced. *Exxon Mobil Corp.*, 544 U.S. at 284. The *Rooker-Feldman* doctrine is jurisdictional, and thus it may be raised at any time by the court. *See 4901 Corp. v. Town of Cicero*, 220 F.3d 522, 527 (7th Cir. 2000).

The *Rooker-Feldman* doctrine "bars federal claims in two instances. The first involves a plaintiff's request of a federal district court to overturn an adverse state-court judgment. The second, and more difficult instance, involves federal claims that were not raised in state court or do not on their face require review of a state court's decision." *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012) (citing *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 532–33 (7th Cir. 2004)). In the second case, "*Rooker-Feldman* will act as a jurisdictional bar if those claims are 'inextricably intertwined' with a state court judgment." (*Id.*) (quoting *Taylor*, 374 F.3d at 533). If the suit does not seek to vacate the judgment of the state court and instead seeks damages for independently unlawful conduct, it is not barred by *Rooker-Feldman*. *See Johnson v. Pushpin Holdings, LLC*, 748 F.3d 769, 773 (7th Cir. 2014).

*Milchtein v. Chisholm*, 880 F.3d 895 (7th Cir. 2018), sets forth the modern view of the doctrine. There, the plaintiffs alleged that Wisconsin state officials discriminated against them based on religion during court proceedings that ended in two of their children being placed in foster

5

care. The district court, believing that it was being asked to rule on the propriety of the state court's actions, dismissed the case on *Rooker-Feldman* grounds. *Id*. at 897.

Recognizing the confusing state of the case law, the Seventh Circuit began its discussion by noting that "[i]t isn't hard to find decisions in this circuit, and elsewhere, that extend the *RookerFeldman* [sic] doctrine to any arguments that were, or could have been, presented in the state suit, even though the federal plaintiffs do not want the state judgment to be changed, by stating that the arguments are 'inextricably intertwined' with the judgment." *Id*. "More recently, however, the Supreme Court has insisted that the jurisdictional *RookerFeldman* [sic] doctrine be distinguished from principles of issue and claim preclusion." *Id*. As a result, the Seventh Circuit determined that "[t]he vital question . . . is whether the federal plaintiff seeks the alteration of a state court's judgment." *Id*. at 898. Because the plaintiffs did not seek an alteration of the state-court order, the Seventh Circuit concluded that *Rooker-Feldman* did not apply. *Id*.

Here, there is little doubt that the Plaintiffs are making an attempt to alter the state court's judgment. Plaintiffs expressly ask this Court to declare the state court foreclosure unlawful and to enjoin the foreclosure activity. This is the definition of seeking to alter a state court judgment. The "vital question" that must be asked in any *Rooker-Feldman* case can be answered in the affirmative here.

Further, the fact that Plaintiffs assert a Fourteenth Amendment violation also do not take the claims outside the scope of *Rooker-Feldman*. "A plaintiff may not circumvent the effect of the *Rooker-Feldman* doctrine simply by casting [a] complaint in the form of a federal civil rights action." *Maples Lanes, Inc. v. Messer*, 186 F.3d 823, 825 (7th Cir. 1999). Additionally, "[t]he reason a litigant gives for contesting the state-court's decision cannot endow a federal district court with authority . . ." *Iqbal v. Patel*, 780 F.3d 728, 730–731 (7th Cir. 2015). Plaintiff's alleged

6

constitutional injuries flow from the state court's orders and rulings in the foreclosure proceedings and subsequent appeals. Reviewing these orders to consider whether they violated the Plaintiff's constitutional rights is barred by the *Rooker-Feldman* doctrine. "[C]onstitutional claims that are 'inextricably intertwined' with the state-court judgments of necessity call upon the district court to review the state-court decision and are thus beyond the district court's jurisdiction." *Edwards v. Ill. Bd. Of Admissions to Bar*, 261 F.3d 723 (7th Cir. 2001) (citing *Young v. Murphy*, 90 F.3d 1225, 1231 (7th Cir. 1996)).

### III.  Conclusion

For these reasons, the Court DENIES Plaintiffs' motions to proceed in forma pauperis (ECF Nos. 3, 4) and this matter is DISMISSED for lack of jurisdiction.

SO ORDERED on July 28, 2025.

 s/ Holly A. Brady  
CHIEF JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT